```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
          Criminal No. 04-127(1)(DSD/SRN)
                Civil No. 06-1455(DSD)
```

United States of America,

        Plaintiff,

v.     **ORDER**

David Lee Needom,

        Defendant

    This matter is before the court upon defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motion is denied.

**BACKGROUND**

    Defendant David Lee Needom was charged by grand jury in a three-count superseding indictment on June 8, 2004. Count 1 charged defendant with conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Count 2 charged defendant with aiding and abetting possession with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Count 3 charged defendant with aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime, in violation of

18 U.S.C. §§ 2 and 924(c)(1). On October 12, 2004, upon advice of counsel, defendant pleaded guilty to count 3 of the superseding indictment. Pursuant to the terms of his plea agreement, other than a claim for ineffective assistance of counsel, defendant waived all of his rights to directly appeal or collaterally challenge the sentence imposed.

On April 19, 2005, this court sentenced defendant to the statutory mandatory minimum sentence of 120 months imprisonment. See 21 U.S.C. § 841(b)(1)(A). Pursuant to Sentencing Guidelines § 2K2.4(b), the advisory guideline sentence was the ten-year mandatory minimum sentence. Defendant did not appeal his conviction and now moves to vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255 on the basis that he received ineffective assistance of counsel. Defendant claims that he received ineffective assistance of counsel in violation of the Sixth Amendment because his attorney advised him to plead guilty to count 3 of the superseding indictment and to agree to a waiver of his appellate rights as a term of his negotiated plea agreement.

## DISCUSSION

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court. 28 U.S.C. § 2255; see also United States v. Addonizio, 442

U.S. 178, 185 (1979); <u>Embrey v. Hershberger</u>, 131 F.3d 739, 740 (8th Cir. 1997). Collateral relief is considered an extraordinary remedy. <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998).

To establish a claim of ineffective assistance of counsel based upon the plea negotiation process, a defendant must meet both prongs of the test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). First, defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. <u>Strickland</u>, 466 U.S. at 687. In the context of plea negotiations, a defendant may only attack the intelligent character or voluntary nature of a negotiated plea agreement by demonstrating that his counsel's advice was not "'within the range of competence demanded of attorneys in criminal cases.'" <u>Hill</u>, 474 U.S. at 56-57 (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970)). Second, defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Strickland</u>, 466 U.S. at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the court reviews counsel's conduct with significant deference. <u>Id.</u> at 689.

**I.   Guilty Plea**

Defendant argues that his attorney was ineffective in advising him to plead guilty to count 3 of the superseding indictment because that count carried with it a ten-year mandatory minimum sentence. He claims that the government offered him an opportunity to plead guilty to any of the three charged counts and that if he would have pleaded guilty to count 1 or 2 he would not have faced a ten-year mandatory minimum. Defendant is mistaken. Counts 1 and 2 of the superseding indictment both would have carried a statutory mandatory minimum sentence of ten years, pursuant to 21 U.S.C. § 841(b)(1)(A), based upon the quantity of cocaine base for which defendant was charged.

Contrary to defendant's argument, and indicative of the effective and competent nature of the representation he received, is the applicable advisory guideline range that defendant would likely have faced if he had pleaded guilty to count 1 or 2. Under the Sentencing Guidelines, the range of imprisonment applicable to someone with defendant's criminal history for the charges contained in counts 1 and 2 of the superseding indictment would likely be 151 to 188 months, a range that well exceeds the advisory range of 120 months calculated for count 3.[1]  Furthermore, had defendant's

---

[1]  A base offense level of 34 would apply because of the quantity of drugs charged in the superseding indictment. U.S.S.G. § 2D1.1(c)(3). A two-level enhancement would apply because of the firearm. U.S.S.G. § 2D1.1(b)(1). Assuming a three-level decrease
(continued...)

4

attorney not negotiated dismissal of counts 1 and 2, he could have faced a mandatory twenty-year term of imprisonment because the ten-year mandatory minimum on count 3 must run consecutive to any term of imprisonment imposed for the drug trafficking charges.  See 18 U.S.C. § 924(c)(1)(D).  In light of the above considerations, pleading guilty to count 3 was a reasonable, if not preferred, option available to defendant.  For all of these reasons, the court concludes that the advice of his attorney that he plead guilty to count 3 of the superseding indictment was well within the range of competence demanded of criminal defense attorneys.

**II.  Waiver of Appellate Rights**

Defendant argues that his attorney was ineffective in advising him to agree to waive his right to appeal or collaterally challenge his sentence as a term of the negotiated plea agreement.  He does not argue that his waiver of appellate rights was not voluntary or knowing.  Rather, he contends that if he had not waived his appellate rights *and* his attorney had advised him to plead guilty to count 1 or 2 he could and would have successfully challenged on appeal the imposition of a ten-year mandatory minimum sentence on either of those counts.

---

[1](...continued)
for acceptance of responsibility, pursuant to Sentencing Guideline § 3E1.1, a total offense level of 33 would likely be calculated. A Criminal History category of II coupled with a total offense level of 33, would result in a range of 151 to 188 months imprisonment.

5

It is well established, however, that "a knowing and voluntary waiver" of direct-appeal and collateral-attack rights is generally enforceable. See DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000). At defendant's plea hearing, he expressly told the court that he understood that, other than a claim for ineffective assistance of counsel, he was waiving his right to appeal or challenge, directly or collaterally, both his guilt and his sentence. (See Plea Hr'g Tr. at 17.) Following extensive inquiries by the court, the assistant United States Attorney, and defendant's attorney, the court specifically found that he entered a knowing and voluntary plea of guilty to count 3, which included a waiver of his appellate rights. (Id. at 42.) In his § 2255 motion and supporting memorandum of law, defendant sets forth no argument to the contrary. The court finds that the plea agreement that defendant's counsel negotiated on his behalf, including the partial waiver of his right to directly appeal and collaterally challenge his sentence, was the result of advice well within the range of competence demanded of criminal defense attorneys.

For all of the above reasons, defendant has not established that his counsel's representation rises to the level of ineffective assistance set forth by Strickland. Therefore, the court will not vacate, set aside or correct defendant's conviction on the ground that he received ineffective assistance of counsel.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to vacate, set aside or correct sentence [Docket No. 87] is denied.

Dated:  July 24, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court
